J-S61005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                   : PENNSYLVANIA
                                                   :
              v.                                   :
                                                   :
                                                   :
                                                   :
DANE L. EPPS                                       :
                                                   :
              Appellant                            : No. 2508 EDA 2018

Appeal from the PCRA Order Entered August 10, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004330-2011,
CP-51-CR-0004333-2011, CP-51-CR-0004334-2011,
CP-51-CR-0004834-2011

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 13, 2020**

Dane L. Epps appeals from the order that dismissed his Post Conviction

Relief Act ("PCRA") petition filed in four underlying cases.[1]  We affirm.

---

[1] Appellant filed a notice of appeal including all four docket numbers, in violation of this Court's decision in **Commonwealth v. Creese**, 216 A.3d 1142, 1143 (Pa.Super. 2019) (holding that our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), mandating separate notices of appeal at each docket implicated by the appealed-from order, requires us to quash an appeal listing more than one docket number). However, in its single order denying Appellant's petition at all four docket numbers, the PCRA court advised Appellant that he had thirty days "to file **an** appeal with the Superior Court."  Order and Opinion, 8/10/18, at 14 (emphasis added).  We have held that "such misstatements as to the manner that [the a]ppellant could effectuate an appeal . . . amount to a breakdown in court operations such that we may overlook the defective nature of [the] timely notice of appeal rather than quash pursuant to **Walker**."  **Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa.Super. 2019).  Therefore, we address Appellant's claims rather than quash this appeal.

* Former Justice specially assigned to the Superior Court.

On April 11, 2013, Appellant entered open guilty pleas in all four cases to numerous charges related to serial gunpoint rapes and robberies. In short,[2] Appellant, either alone or with two of his friends, on several occasions accosted people parked at Cobbs Creek Park in Philadelphia, locking men in the trunks of the vehicles after taking their valuables, and dragging women to the woods to be forcibly raped orally, vaginally, and anally.[3] Following a presentence investigation, he was sentenced in all four cases. At the sentencing hearing, the court noted Appellant's smugness, failure to express remorse or accept the nature of his wrongdoing, and jocularity in the face of the human rights violations suffered by Appellant's victims. The trial court imposed an aggregate sentence of thirty-five to seventy years of imprisonment, followed by fifty-three years of probation, resulting from the various sentences running concurrently within each case, but consecutive to those in the other cases. Appellant did not file a post-sentence motion or a direct appeal.

In May 2014, Appellant filed a timely *pro se* PCRA petition. For reasons not apparent from the record, activity on the filing was sporadic for years.

---

[2] The appalling details of the crimes at issue can be found in the PCRA court opinion. **See** PCRA Court Opinion, 8/10/18, at 1-4.

[3] According to our tally, Appellants convictions included four counts of robbery; one count of kidnapping; and three counts each of rape, involuntary deviate sexual intercourse, conspiracy, and possessing an instrument of crime.

Counsel was appointed in March 2015, and filed amended petitions in June 2015 and December 2016. Appellant moved for the sentencing judge to recuse, and his motion was granted in April 2017. The case was reassigned to the PCRA court, and hearings were scheduled and continued. On April 30, 2018, the PCRA court held a hearing at which Appellant, his mother and grandmother, and trial counsel testified. After considering all of the evidence, the PCRA court concluded that Appellant had failed to prove any of his claims, and it denied the petition in August 2018.

Appellant timely appealed, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant presents the following questions for this Court's determination:

> 1. Did the [PCRA] court err in denying the Appellant's claim arising from plea counsel's ineffectiveness, given that counsel gave the sentencing court erroneous guidance as to the applicability of mandatory minimum sentences and the sentencing guidelines, failed to object during Appellant's deeply flawed sentencing hearing (which violated **Commonwealth v. Spencer**, 496 A.2d 1156, 1165 (Pa.Super. 1985) and the Appellant's due process rights, given that he was removed during the hearing and before he could be advised of his rights, although he posed no danger to anyone), failed to advise Appellant of his post-sentence and appellate rights, and unlike both other lawyers in this case, failed to file for post-sentence and appellate relief; specifically, did the trial court err in denying the [A]ppellant the right to file post-sentence motions (including a motion for withdrawal of his plea or for a new sentencing hearing before a different jurist) and an appeal?
>
> 2. Did the [PCRA] court err in denying the Appellant a new sentencing hearing, given the inflammatory comments and quickly escalating hostility, culminating in a seemingly *sua sponte* contempt charge, that the Appellant endured at his sentencing hearing; **see Spencer**, **supra**?

- 3 -

Appellant's brief at 3 (unnecessary capitalization omitted).

We begin with a review of the applicable law. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa.Super. 2017). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

To be eligible for PCRA relief, a petitioner must plead and prove that his conviction or sentence resulted from an enumerated error, such as ineffective assistance of counsel or an unlawfully-induced guilty plea. *See* 42 Pa.C.S. § 9543(a)(2). Additionally, the petitioner must establish "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). "An issue is waived if a petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state post-conviction proceeding." *Commonwealth v. Oliver*, 128 A.3d 1275, 1281-82 (Pa.Super. 2015) (cleaned up).

We first address Appellant's claim that he is entitled to be resentenced because the court's comments at the sentencing hearing created "the appearance of impropriety and a lack of impartiality." Appellant's brief at 15. This is an issue Appellant could have raised in a post-sentence motion or on direct appeal. Therefore, pursuant to 42 Pa.C.S. § 9543(a)(3), it cannot serve

- 4 -

as the basis of PCRA relief. *See*, *e.g.*, *Commonwealth v. Michaud*, 70 A.3d 862, 869 (Pa.Super. 2013) (noting challenge to adequacy of colloquy concerning waiver of right to testify was waived for PCRA purposes because it could have been litigated in a direct appeal).

However, Appellant could, and did, seek the requested relief through the PCRA based upon plea counsel's failure "to object during Appellant's deeply flawed sentencing hearing[.]" Appellant's brief at 3 (unnecessary capitalization omitted). Thus, we address it in that context, along with Appellant's additional claims of ineffective assistance of plea counsel, mindful of the following legal principles.

Counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. *Id*. The failure to establish any prong is fatal to the claim. *Id*. at 113.

Appellant argues that the PCRA court erred in not finding that plea counsel was ineffective in two areas.[4] First, he contends that he established

_____

[4] Appellant in his statement of questions presented suggests that the PCRA court should have awarded relief on two additional allegations of ineffectiveness, namely, the failure to advise him of his appellate rights and

that counsel gave the sentencing court incorrect information about the sentencing guidelines and the applicability of mandatory minimum sentencing statutes. Appellant's brief at 8-9. Specifically, Appellant avers that counsel failed to clarify that no mandatory minimum sentence was applicable, and no deadly weapon enhancement could be applied to Appellant under **Alleyne v. United States**, 570 U.S. 99 (2013).

> The PCRA court addressed these contentions as follows:
>
> [Appellant] claims that counsel was ineffective for failing to correct "misperceptions" at his sentencing hearing regarding applications of the sentencing guidelines. For the first alleged "misperception," [Appellant] claims counsel should have advised the sentencing court that any mandatory minimums did not apply as they would have violated **Alleyne** . . . . This claim is meritless as mandatory minimum sentences had no impact on [Appellant]'s sentence. The sentencing court also never referenced mandatory minimums for [Appellant] at sentencing. Because mandatory minimums were not applied to [Appellant]'s sentence, no relief is warranted.
>
> For the second alleged "misperception," [Appellant] claims counsel was ineffective for asserting on the record that the sentencing guidelines called for a deadly weapon enhancement, which [Appellant] claims violated **Alleyne**. [Appellant] argues this assertion "informed the crafting of his sentence." This claim lacks merit. As the Commonwealth points out, both the Pennsylvania Supreme Court and the United Stated Supreme Court have drawn an important contrast between "facts triggering

_____

failure to file a direct appeal. **See** Appellant's brief at 3. The PCRA court denied these claims upon determining that Appellant presented no credible evidence that he requested an appeal, and that counsel credibly testified that he did advise Appellant of his rights, that he had no recollection of Appellant or any family member expressing a desire for an appeal, and that, had he been so informed, he would have filed one. **See** PCRA Court Opinion, 8/10/18, at 7, 13-14. Finding no contentions in the argument section of Appellant's brief addressing these issues, we consider them abandoned and do not address them.

a sentencing minimum and those used in applying sentencing guidelines. Fact-finding that increases a statutory minimum 'is distinct from fact-finding used to guide judicial discretion in selecting a punishment 'within limits fixed by law." ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015) . . . . Regardless, if counsel misrepresented the sentencing guidelines to the court, [Appellant] would still have to show he was prejudiced by the misrepresentation. In other words, [Appellant] must demonstrate counsel's misrepresentation led to an illegal sentence or that there is a reasonable probability the result of the proceeding would have been different. . . . Because [Appellant] fails to demonstrate-or even assert-actual prejudice for this claim, it merits no relief.

PCRA Court Opinion, 8/10/18, at 9-10 (cleaned up).

Appellant presents no persuasive argument that the PCRA court's analysis of these claims is incorrect. No mandatory minimum statutes were discussed or applied in fashioning Appellant's sentence, and, as the ***Alleyne*** decision has no impact upon the sentencing guidelines, there was no impropriety in the trial court's consideration of the guideline matrix applicable when a deadly weapon has been used. ***See Commonwealth v. Shull***, 148 A.3d 820, 830 (Pa.Super. 2016) (noting "imposition of the deadly weapon sentencing enhancement does not implicate" ***Alleyne***). Accordingly, no relief is due on these issues.

With his final argument, Appellant claims that the PCRA court erred in not concluding that plea counsel rendered constitutionally-deficient assistance by failing "to challenge the trial court's extreme rhetoric" at the sentencing hearing or in a motion for reconsideration of sentence. Appellant's brief at

13.    Appellant summarized the "extreme rhetoric" and conduct of the sentencing court[5] as follows:

> During the sentencing hearing, the judge called the Appellant a "monster" and told him that there was "a special place in hell" for him, that "words cannot describe" him, said that he had a "smug face" and that he "can't even begin to describe how much I would have loved to have given you 110 years." After provoking the Appellant with this inflammatory language, the trial court reacted to the Appellant's protests by instantly imposing a contempt sentence of five and a half months "to every other sentence" and asking him "[d]o you want to try for another?" The Appellant was then removed from the courtroom.

*Id*. at 4-5 (citation and footnote omitted).

Relying upon ***Commonwealth v. Williams***, 69 A.3d 735, 738 (Pa.Super. 2013), Appellant contends that the sentencing court's statements manifested bias that would have entitled him to resentencing had counsel filed a post-sentence motion, and that counsel had no reasonable basis for failing to ask the court "to reconsider his sentence once cooler heads prevailed[.]" Appellant's brief at 14.

In ***Williams***, the defendant violated several probation sentences by breaking into Catholic churches and stealing money. After revoking probation, the trial court sentenced the defendant to approximately twenty-four to forty-eight years of imprisonment, consecutive to a seven-to-twenty-year sentence in another county. This Court held that the sentence was the result of an

---

[5] As indicated *supra*, the sentencing judge recused himself from consideration of Appellant's PCRA petition, and a different judge served as the PCRA court.

abuse of discretion for two reasons. First, the defendant's punishment was not proportional to her non-violent conduct of "stealing a few thousand dollars in cash and property over the course of a spree of seven burglaries." *Id*. at 743. Second, the trial court's comments suggested the appearance of bias against the defendant. The record showed that the trial judge noted that he was a Catholic, and extensively questioned why the defendant was targeting Catholic rectories and convents while passing by Protestant churches. The judge further referred to the defendant as a "pathological liar," a "classic sociopath," although the record reflected that the defendant instead had treatable substance abuse and mental health issues. *Id*. at 748. Moreover, the trial court made other comments that suggested "the appearance of bias against [the defendant] based on her gender," such as describing her as "the most violent, thuggish female who has appeared before me in my nine-and-one-half years." *Id*. at 748-49. Therefore, this Court vacated the sentence and remanded for resentencing.

The PCRA court addressed Appellant's arguments as follows:

> Here, the sentencing court's comments and the context in which they were said are decidedly different than *Williams*. Unlike *Williams*, the sentencing court did not reference [Appellant]'s gender or use "pseudo-medical terminology" to describe [Appellant]'s mental health. Also distinct from *Williams*, there was no potential religious bias. Rather, the sentencing court's comments-taken in context-were no more than candid, colorful characterizations based on [Appellant] not taking the sentencing hearing seriously. The notes of testimony reflect that [Appellant] sat smugly and laughed through most of the sentencing hearing. [Appellant] also failed to take responsibility for his horrific conduct. Despite pleading guilty to three counts of

rape, [Appellant] told the presentence investigator that he never engaged in sex by aggression, force, or threats. Although this [c]ourt does not condone calling defendants "monsters," nothing in the record demonstrates this comment reflected any partiality that led to an exceedingly harsh or bias[ed] sentence. [Appellant]'s sentence was proportional to his conduct. Further, his aggregate sentence was within the sentencing guidelines and far below the statutory maximum. For these reasons, no relief is due.

. . . .

. . . [Appellant] fails to show prejudice as there is no evidence that had counsel filed a motion to reconsider, [Appellant] would have received a favorable outcome. The sentencing court was candid at [Appellant]'s sentencing, making it patently clear the court preferred to give [Appellant] a harsher sentence. "I would have loved to have given you 110 years. The only thing saving you is you did plead guilty . . . had this gone to trial, you would have never gotten out in your natural lifetime." Given the sentencing court's comments and [Appellant]'s horrific crimes—four armed robberies and three violent rapes at gun point—it is exceedingly unlikely that had [Appellant] filed a motion to reconsider, he would have received a reduced sentence or a favorable outcome.

PCRA Court Opinion, 8/10/18, at 10-12 (footnote and citations omitted).

Again, we discern no abuse of discretion by the PCRA court in denying Appellant's claim. The record suggests that the sentencing court's agitation was not based upon religious or gender bias, or mischaracterization of mental illness, but was a reaction to the appalling crimes Appellant committed for which Appellant appeared to feel no remorse.[6] Therefore, we are not

---

[6] For example, in his allocution, Appellant stated as follows:

I want to apologize to the court and the victims. That's really about it. I apologize for wasting everybody's time. I'm not

convinced that the PCRA court erred in concluding that Appellant's claim lacked arguable merit.

Further, Appellant offers no evidence that a motion for reconsideration would have resulted in a lesser sentence, and he thus cannot demonstrate that he was prejudiced by counsel's failure to file one. *See **Commonwealth v. Reaves***, 923 A.2d 1119, 1132 (Pa. 2007) (holding actual prejudice must be proven to prevail on claim that counsel was ineffective in not filing a post-sentence motion).

Accordingly, having determined that Appellant has failed to meet his burden of convincing this Court that the PCRA court erred and that relief is due, we affirm the order denying his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/20

---

making light of the case or taking it as a joke or minimizing it in any type of way. But what was done, it was wrong. I'm not saying I'm ashamed or anything like that.

N.T. Sentencing, 7/12/13, at 38.

- 11 -